# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Zacharia A. Alarayshi, Laila K. Alarayshi, Arab-American Anti-Discrimination Committee o/b/o itself and its members, Arab Civil Rights League o/b/o itself and its members | Civil Action No._____ Hon. |

      vs

United States Secretary of State, Anthony Blinken in his official capacity
2201 C. Street N W
Washington, DC 20520

 And

United States Secretary of Defense Lloyd Austin in his official capacity
1000 Defense Pentagon RM 3E880
Washington, DC 20301-1000
_____/

## EMERGENCY MOTION FOR
## TEMPORARY RESTRAINING ORDER

Plaintiffs, by and through undersigned counsel, move this Honorable Court for an Emergency Temporary Restraining Order and in support state as follows:

1.     Individual Plaintiffs Zacharia A. Alarayshi and Laila K. Alarayshi are United States Citizens and residents of Dearborn, Michigan who travelled to Palestine to

visit family residing there in the Gaza Strip. They left the United States before the commencement of the current hostilities unaware that they were on the horizon.

2. The Alarayashis have, through their U.S. based family, worked through elected officials and NGO's to obtain safe passage out of the war zone.

3. Organizational Plaintiffs ADC and ACRL have also been actively working to obtain evacuation services for the Alarayashis and the estimated thousands of U.S. Citizens similarly trapped in the war zone.

4. The last contact anyone has had with the Alarayashis was 24 hours ago when they advised that the home next to the one in which they sought shelter had been bombed. They and their son, Yahya Alarayshi have authorized undersigned counsel to file the complaint that initiated this action on their behalf.

5. As fully set forth in the attached complaint for emergency and injunctive relief, their lives are in imminent peril absent immediate action by their government and specifically the named Defendants, Blinken and Austin.

6. This Court must apply a 4-part test in order to determine whether Plaintiffs are entitled to injunctive relief. No one factor predominates. The Court must balance the factors and weigh them in favor of the Plaintiff in order to issue an order enjoining or compelling Defendants' actions.

7. The first element requires the Court to determine whether the Plaintiffs are likely to succeed on the merits of their claims. Here, Plaintiffs have pled violations

of the Equal Protection Clause of the U.S. Constitution and the Administrative Procedures Act as the Defendants have acted in an arbitrary and capricious manner in the issuance of final agency determinations. For the reasons set forth in the accompanying complaint, Plaintiffs are likely to succeed on the merits of their equal protection claim. They are members of a protected class, they are being disparately from others in this same war zone and in prior war zones of similar danger and difficulty. As for the arbitrary and capricious conduct of Defendants, their departments refuse to provide ANY rational for their failure to issue or execute a Noncombatant Operations Order ("NEO") which is the very definition of arbitrary and capriciousness.

8. The second factor involves measuring weather Plaintiffs will suffer irreparable harm absent the Court's entry of an appropriate injunctive order. Death is the very definition of irreparable harm. Given the imminent and threatened dangers to the population center where they find themselves, this factor must be weighed heavily in the Plaintiffs' favor.

9. The third factor requires the Plaintiffs to demonstrate that less harm will come to Defendants than to Plaintiffs should the TRO not issue. Here, Defendants will suffer no harm from being enjoined to do the duty they swore to do when they assumed their offices. Plaintiffs, on the other hand, could lose their lives. This factor must be weighed heavily in their favor.

3

10. The fourth factor requires the Court to examine the public interest in the issuance of injunctive relief. It is self-evident that the public interest, the most important of which is the protection of human life, is served by restraining Defendants from their refusal to issue an NEO.

11. For these reasons, Plaintiffs humbly and prayerfully request that this Honorable Court enter an order restraining Defendants from their refusal to enter an NEO.

        Respectfully submitted,

SCHENK & BRUETSCH, PLC

By: /s/ JAMES P. ALLEN, SR.
James P. Allen, Sr. (P52885)
211 W. Fort Street, Ste. 1410
Detroit, MI 48226
(313) 774-1000
James.allen@SBDetroit.com
Attorneys for Plaintiffs

MEROUEH & HALLMAN, LLP

By: ZACHARY A. HALLMAN
Zachary A. Hallman (P78327)
14339 Ford Road, 2nd Floor
Dearborn, MI 48126
(313) 582-7469
zhallman@mhatlaw.com
Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Zacharia A. Alarayshi, Laila K. Alarayshi, Arab-American Anti-Discrimination Committee o/b/o itself and its members, Arab Civil Rights League o/b/o itself and its members<br><br>vs<br><br>United States Secretary of State, Anthony Blinken in his official capacity<br>2201 C. Street N W<br>Washington, DC 20520<br><br>And<br><br>United States Secretary of Defense Lloyd Austin in his official capacity<br>1000 Defense Pentagon RM 3E880<br>Washington, DC 20301-1000 | Civil Action No._____<br>Hon. |

### BRIEF IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

For Plaintiffs' Brief, Plaintiffs rely on the attached Emergency Motion For Temporary Restraining Order.

Respectfully submitted,

SCHENK & BRUETSCH, PLC

**/s/JAMES P. ALLEN, SR.**

        James P. Allen, Sr. (P52885)
        211 W. Fort Street, Suite 1410
        Detroit, MI 48226
        (313) 774-1000
        James.allen@SBDetroit.com
        Attorneys for Plaintiffs


        MEROUEH & HALLMAN, LLP


        By: <u>ZACHARY A. HALLMAN</u>
        Zachary A. Hallman (P78327)
        14339 Ford Road, 2nd Floor
        Dearborn, MI 48126
        (313) 582-7469
        zhallman@mhatlaw.com
        Attorneys for Plaintiffs

October 13, 2023