## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Zacharia A. Alarayshi, Laila K. Alarayshi,
Arab-American Anti-Discrimination
Committee o/b/o itself and its members,
Arab Civil Rights League o/b/o itself and
its members

Case No. 23-cv-12599
Hon. Shalina D. Kumar

       vs

United States Secretary of State, Anthony
Blinken in his official capacity
2201 C. Street N W
Washington, DC 20520

 And

United States Secretary of Defense Lloyd
Austin in his official capacity
1000 Defense Pentagon RM 3E880
Washington, DC 20301-1000

---

## AMENDED EMERGENCY MOTION FOR PRELIMINARY INJUNCTION, WRIT OF MANDAMUS AND DECLARATORY RELIEF

NOW COME Plaintiffs, through their undersigned counsel, and hereby move for an Emergency Motion for Preliminary Injunction, Writ of Mandamus and Declaratory Relief to prevent irreparable injury to Plaintiff's fundamental rights and interests and the rights of those similarly situated to Plaintiffs. In support of their Motion, Plaintiffs rely on the pleadings, motions, and evidence heretofore filed with this Court in connection with this case, and the Brief in Support attached to this motion.

WHEREFORE, for the reasons discussed in the accompanying Brief, Plaintiffs respectfully request that this Honorable Court GRANT Plaintiffs' Emergency Motion for Preliminary Injunction, Writ of Mandamus and Declaratory Relief, and grant costs, attorneys' fees, and any other relief it deems just and equitable.

Respectfully submitted,

SCHENK & BRUETSCH, PLC

By: /s/JAMES P. ALLEN, SR.
James P. Allen, Sr. (P52885)
211 W. Fort Street, Suite 1410
Detroit, MI 48226
(313) 774-1000
James.allen@SBDetroit.com
Attorneys for Plaintiffs

MEROUEH & HALLMAN, LLP

By: ZACHARY A. HALLMAN
Zachary A. Hallman (P78327)
14339 Ford Road, 2nd Floor
Dearborn, MI 48126
(313) 582-7469
zhallman@mhatlaw.com
Attorneys for Plaintiffs

AYAD LAW, PLLC

By:/s/ NABIH H. AYAD
Nabih H. Ayad (P59518)
645 Griswold, Ste. 2202
Detroit, MI 48226
(313) 983-4600
filing@ayadlawpllc.com

By: WILLIAM D. SAVAGE
William D. Savage (P82146)
645 Griswold, Ste. 2202
Detroit, MI 48226
(313) 983-4600
filing@ayadlawpllc.com
Attorneys for Plaintiffs

October 17, 2023

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Zacharia A. Alarayshi, Laila K. Alarayshi,         Case No. 23-cv-12599
Arab-American Anti-Discrimination                  Hon. Shalina D. Kumar
Committee o/b/o itself and its members,
Arab Civil Rights League o/b/o itself and
its members

       vs

United States Secretary of State, Anthony
Blinken in his official capacity
2201 C. Street N W
Washington, DC 20520

 And

United States Secretary of Defense Lloyd
Austin in his official capacity
1000 Defense Pentagon RM 3E880
Washington, DC 20301-1000

___

## AMENDED BRIEF IN SUPPORT OF EMERGENCY MOTION FOR PRELIMINARY INJUNCTION, WRIT OF MANDAMUS AND DECLARATORY RELIEF

# TABLE OF CONTENTS

**INDEX OF AUTHORITIES** ............................................................................ **ii**

**STATEMENT OF ISSUE PRESENTED** ....................................................... **v**

**INTRODUCTION** .............................................................................................. **2**

**STATEMENT OF FACTS** ............................................................................... **8**

**LAW AND ARGUMENT** ............................................................................... **10**

    **A. THE COURT SHOULD ORDER A PRELIMINARY INJUNCTION REQUIRING THE EVACUATION OF THE PLAINTIFFS AND ALL SIMILARLY SITUATED PERSONS FROM GAZA** .............................................................. **10**

    **B. THE CURRENT DISPUTE IS JUSTICIABLE AND DISTINGUISHABLE FROM PRIOR RULINGS IN THIS AND OTHER DISTRICTS CHALLENGING EVACUATION DECISIONS IN OTHER CONFLICTS** ........... **17**

**CONCLUSION** .................................................................................................. **18**

**CERTIFICATE OF SERVICE** ..................................................................... **20**

# TABLE OF AUTHORITIES

## Cases

*Am Civil Liberties Union of Kentucky v McCreary Co, Ky*

607 F.3d 439, 445 (6th Cir. 2010) ............................................................12

*Ave Maria Found. v. Sebelius*

991 F.Supp.2d 957, 2014 WL 117425 (E.D. Mich. 2014) ......................14

*Biggs v Quicken Loans, Inc*

990 F. Supp. 2d 780, 785 (E.D. Mich. 2014)............................................14

*Brown v Plata*

131 S. Ct. 1910, 1944 (2011)....................................................................13

*Connection Distributing Co. v. Reno*

154 F.3d 281, 288 (6th Cir. 1998) ............................................................11

*Davis v Passman*

442 U.S. 228, 234 (1979)...........................................................................12

*Emison v Catalano*

951 F Supp 714, 722 (E.D. Tenn 1996).....................................................14

*Estate of Michael ex rel Michael v Lullo*

173 F.3d 503, 506 (4th Cir.1999) .............................................................15

*Franklin v Massachusetts*

505 U.S. 788, 828 (1992) ........................................................................15

*Gibson Guitar Corp v Paul Reed Smith Guitars, LP*

423 F.3d 539, 546 (6th Cir. 2005) ...........................................................12

*Golden v. Kelsey- Hayes Co. (In re Golden)*

73 F.3d 648, 653 (6th Cir. 1996) .............................................................11

*Grupo Mexicano de Desarrollo SA v Alliance Bond Fund, Inc*

527 U.S. 308, 318 (1999) ........................................................................14

*Hutto v Finney*

437 U.S. 678, 687, n. 9 (1978) ................................................................13

*Kansas v Nebraska*

135 S. Ct. 1042, 1053 (2015) ..................................................................13

*Liberty Coins, LLC v Goodman*

748 F.3d 682, 689-90 (6th Cir.2014) .......................................................11

*Mobarez v. Kerry*

187 F.Supp. 3d 85 (D.D.C. 2016) ............................................................17

*Moltan Co. v. Eagle–Picher Indus., Inc.*

55 F.3d 1171, 1174 (6th Cir.1995) ..........................................................12

*Performance Unlimited v. Questar Publishers, Inc.*

52 F.3d 1373, 1381 (6th Cir. 1995) .........................................................11

*Porter v. Warner Holding Co.*

328 U.S. 395, 398 (1946) ..........................................................................13

*Sadi v. Obama*, No. 15-11314, 2015 WL 3605106 (E.D.Mich. June 8, 2015) .......17

*Sluiter v. Blue Cross & Blue Shield*

979 F. Supp. 1131, 1136 (E.D. Mich. 1997) ..............................................11

*Swann v. Charlotte-Mecklenburg Board of Education*

402 U.S. 1, 15 (1971) ..............................................................................13

*United States v Windsor*

133 S. Ct. 2675, 2695; 186 L Ed 2d 808 (2013) .......................................12

*Virginian R. Co. v. Railway Employees*

300 U.S. 515, 552 (1937) ..........................................................................13

RULES

Fed. R. Civ. P. 65 ....................................................................................13

## STATEMENT OF ISSUES PRESENTED

1. Are Plaintiffs entitled to a preliminary injunction to force the Defendants to honor their right to life?

Plaintiffs Answer:            Yes
Defendants will Answer:        No

> *---Tikkun Olam.  Whoever saves a single life, saves the whole world.*
> *(Sanhedrin 37a)*

## I.      INTRODUCTION

Are some lives worth saving while others are not?  Does the United States Government get to decide that, on the basis of religion or national origin, some lives are more valuable than others?  Plaintiffs plead with this Court to answer these questions in their favor.  They have nowhere else to turn.

Each of the Defendants in this case has clearly stated to the American public that Israeli, Jewish lives are worth saving, while failing to take sufficient action to protect those of desperately imperiled Palestinian-Americans.  Specifically, in joint press conferences in Israel, each of Defendant Secretary of State Antony Blinken and Secretary of Defense Lloyd Austin stated unequivocally their intention to rescue Israeli, Jewish Americans and while failing to do the same for not Palestinian, Muslim Americans.[1]

Specifically, Defendant Austin stated, "This is no time for neutrality or for false equivalence…" meaning that the United States would side with Israel over the ninety-nine percent of Palestinians not involved with Hamas and that there was no

---

[1] Plaintiffs acknowledge certain recent statements made after Plaintiffs filed this suit of governmental officials cited by the Defendants appear to show concern for their fellow Americans trapped in Gaza through no fault of their own.  But, those are just words.  Plaintiffs seek the same concrete actions that the government has taken for their fellow Americans stranded in Israel.

equivalence between the two sides.[2]   The only "equivalence" that our government

appears to draw is the one that confounds Hamas with the civilian population under

its control.

Further, via his X (formerly twitter) account, Defendant Blinken stated:



In short, Defendant Blinken acknowledges that, given that he is apparently

Jewish, Israel may be going through a difficult time but makes no such

acknowledgement regarding Palestine and its largely Muslim population.

In other words, each of the Defendants stated very clearly that Israeli lives

matter and strongly imply by their inaction that those of the Defendants' non-

combatant fellow countrymen do not.   To that end, they have made many statements.

For example, Defendant Austin stated:[3]

1.      As the U.S. Secretary of Defense, I am here in person to make

---

[2] See Lloyd Austin rips Hamas apologists during Israel visit: 'No time for false equivalence', https://nypost.com/2023/10/13/austin-rips-hamas-apologists-during-israel-visit-no-time-for-false-equivalence/ October 13, 2023 (last visited October 16, 2023).

[3] Each of the numbered statements is available at: https://www.defense.gov/News/Speeches/Speech/Article/3556833/remarks-by-secretary-of-defense-lloyd-j-austin-iii-at-a-joint-press-conference/

something crystal clear. America's support for Israel's security is ironclad.

2.      I'm also here in solidarity with all the [Israeli] families still living the waking nightmare of not knowing the fate of their loved ones.

3.      And in times of testing, Israelis know what to do.

4.      Over this awful week, we've seen Israeli hotels and homes take in those who've had to flee.

5.      Now, *this is no time for neutrality*, or for false equivalence, or for excuses for the inexcusable. (emphasis added)

6.      So make no mistake. The United States will make sure that Israel has what it needs to defend itself. And Israel has a right to protect its people.

7.      Terrorists like Hamas deliberately target civilians. But democracies don't.

8.      And security assistance from the Department of Defense is already rapidly flowing into Israel.

9.      And we will continue to ensure that Israel has what it needs to keep itself secure.

10.     And U.S. security assistance to Israel will flow in at the speed of war. As this harrowing week draws to a close, and as Shabbat draws near, we stand together. And we stand strong. The United States has Israel's back. That is not negotiable. And it never will be. And after this terrible week, I wish you and all the

people of Israel a Shabbat Shalom.

For further example, Defendant Blinken stated:

If you'll permit me a personal aside, I come before you not only as the United
States Secretary of State, but also as a Jew.  My grandfather, Maurice Blinken, fled
pogroms in Russia.  My stepfather, Samuel Pisar, survived concentration camps –
Auschwitz, Dachau, Majdanek.

So, Prime Minister, I understand on a personal level the harrowing echoes that
Hamas's massacres carry for Israeli Jews – indeed, for Jews everywhere.

I also come before you as a husband and father of young children.  It's
impossible for me to look at the photos of families killed – such as the mother, father,
and three small children murdered as they sheltered in their home in Kibbutz Nir Oz
– and not think of my own children.[4]

These remarks by the Defendants leave no doubt that their focus is on ensuring
the safety and protecting the lives of people in Israel and not in Palestine. Note well
that, Plaintiffs do not criticize their government for any action designed to protect
any nation or civilian population from any form of violence.  Rather, they seek for
themselves only that which their government has freely offered to citizens of a
foreign land who have, unlike individual Plaintiffs, sworn no fealty nor paid taxes

---

[4] See https://www.state.gov/secretary-antony-j-blinken-and-israeli-prime-minister-
benjamin-netanyahu-after-their-meeting-2/

to the United States.  Put differently, they ask this Court to compel Defendants to obey their oaths of office and do their sworn and sacred duty to protect them from threats foreign and domestic.

Plaintiffs are not alone.  **Hundreds and perhaps a few thousand American citizens, including the Plaintiffs, remain trapped in Palestine's Gaza Strip**.  And Israel has threatened to and has undertaken a course of action that places countless civilian lives—including Americans--at risk.  Specifically, Israel has engaged in:

1.      Imposition of a complete siege of the Gaza Strip, totally depriving Gazans of electricity, food and fuel, and tightening even more the existing 16-year-old blockade thereof.[5]

2.      Providing the occupants of illegal Israeli Settlements with weapons and ammunition to use against Palestinians.[6]

3.      Inciting the public to commit their own acts of terror ("We are fighting human animals, and we act accordingly" [Israel's Minister of Defense, Yoav

---

[5] See Sky News, "Israel imposes 'complete siege' of Gaza Strip and calls up 300,000 troops", 9 October 2023, available at: https://news.sky.com/story/israel-formally-declares-war-as-fighting-against-hamas-continues-in-at-least-eight-locations-12980754; Alice Speri, "Israel responds to Hamas Crimes by ordering mass war crimes in Gaza" (The Intercept), 9 October 2023, available at: https://theintercept.com/2023/10/09/israel-hamas-war-crimes-palestinians/
[6] Jeremy Sharon, "Ben Gvir says 10,000 assault rifles purchased for civilian security teams" (The Times of Israel), 10 October 2023, available at: https://www.timesofisrael.com/ben-gvir-says-10000-assault-rifles-purchased-for-civilian-security-teams

Gallant]).[7]

4.     Intentionally targeting Palestinian civilians for death.[8]

5.     Intentionally killing thousands of non-combatant Palestinians.[9]

6.     Engaging in inhumane treatment and collective punishment of the Gazans.[10]

7.     Intentionally targeting and destroying thousands of homes in Gaza.[11]

8.     Ordering the forced evacuation of over 1,000,000 Palestinians in Gaza.[12]

Important for this Motion is that the lives of American citizen Palestinian

---

[7] Sky News, "Israel imposes 'complete siege' of Gaza Strip and calls up 300,000 troops", 9 October 2023, available at: https://news.sky.com/story/israel-formally-declares-war-as-fighting-against-hamas-continues-in-at-least-eight-locations-12980754.

[8] Al-Haq, "Palestinian Organizations Call from the International Community to Stop Israel's Reprisal against Palestinian Civilians", 8 October 2023, available: https://www.alhaq.org/advocacy/21800.html

[9] Al-Haq, "Urgent Action: Palestinian Human Rights Organisations Call on Third States to Urgently Intervene to Protect the Palestinian People Against Genocide", 13 October 2023, available at: https://www.alhaq.org/advocacy/21898.htm

[10] The Guardian, "Gaza diary: 'We survived another night. Every inch of my body aches- lack of sleep is torture'", 13 October 2023, available at: https://www.theguardian.com/global-development/2023/oct/13/gaza-diary-we-survived-another-night-every-inch-of-my-body-aches-lack-of-sleep-is-torture.

[11] Al-Haq, "Urgent Action: Palestinian Human Rights Organisations Call on Third States to Urgently Intervene to Protect the Palestinian People Against Genocide", 13 October 2023, available at: https://www.alhaq.org/advocacy/21898.htm

[12] Al-Haq, "Urgent: Israel's Evacuation Order to 1,1 Million Palestinians in Gaza is Direct Forcible Transfer, Urgent Intervention is Needed", 13 October 2023, available at: https://www.alhaq.org/advocacy/21896.html

Muslims are clearly in grave danger. Yet, although the United States has justifiably made considerable effort to evacuate its Israeli Jewish American citizens from harm's way, it has, so far, not taken adequate steps to evacuate Palestinian Muslim American citizens from Gaza.

In short, the Defendants have announced their preference for the lives of one group over those of another and they have impermissibly acted in accordance with these stated preferences. Defendants openly ascribe less value to the continued life of American citizen Palestinian Muslims, contrary to the Fifth Amendment of the United States Constitution and the Administrative Procedures Act. Accordingly, as more fully set forth below, this Court must grant Plaintiffs' Motion for Preliminary Injunction.

If our government can remove U.S. Citizens under attach in Israel from missiles Hamas launches into Israel, surely it owes Palestinian-Americans the very same protections from the indiscriminate bombing of its ally, Israel, using munitions paid for by American taxpayers. Surely "unqualified support" for Israel cannot come at the expense of American blood.

## II.    STATEMENT OF FACTS

Individual Plaintiffs Zacharia and Laila Alarayshi, both citizens of the United States, reside in Livonia, Michigan. Shortly before the present hostilities commenced, they left their home, like millions of other Americans with family

abroad, to visit family in Gaza, Palestine.  Gaza is one of the most densely populated places on the planet.[13]  The area of hostilities is an urban area with 2 million people packed into 88 square miles comparable in size to Lincoln, Nebraska and Laredo, Texas.[14]  By comparison, Detroit, Michigan is approximately 37 percent larger at 138.75 square miles with about a quarter of the population of the site of the ongoing hostilities in Gaza.[15]

The Alarayshis have never served in any military force.  They have been neither accused nor convicted of any crime in the United States or abroad.  Prior to the commencement of hostilities on October 7, 2023, they were enjoying the little time they had to spend with their family.  The impact on them of the retaliatory strikes allegedly directed at the perpetrators of the violence against Israeli civilians on October 7, 2023 was both immediate and severe.  In 2021, the Times of Israel estimated Hamas consisted of 30,000 people or approximately 1% of the 2.3 million people who live in Gaza.[16]

Members of the Alarayshi's family enlisted organizational Plaintiff ACRL's

---

[13] Maps show the extreme population density in Gaza (msn.com): https://www.msn.com/en-us/news/other/maps-show-the-extreme-population-density-in-gaza/ar-AA1i2Gso
[14] List of the 100 largest cities ranked by Land area in square miles, 2010 (indexmundi.com)
[15] *Id.*
[16] How do the Israeli military and Hamas compare in size and strength? | ITV News

assistance in securing safe passage for them.  It's Executive Director, Mariam Charara, enlisted the help of several members of the Michigan Congressional delegation, some of whom have disseminated State Department directives which she has forwarded to the Alarayshis via messaging applications.[17]  The State Department has on several occasions directed U.S. Citizens to head south to the Rafah border crossing into Egypt only to find the border closed.  The journey is a treacherous one.  At approximately 3p.m. on Friday October 13, 2023, moments before undersigned counsel filed this lawsuit, Ms. Charara received word from Mr. Alarayshi informing her "people left for evacuation and they were killed on the streets and by air[18].  Some made it back alive and they are hiding inside now.  The situation is getting worse."  This message was preceded the evening before by the chilling news that "they just hit the house next to us.  We are scared.  We can't go to the bathroom; we can't go anywhere.  We don't have electricity, we're without water, there's nothing.  I think we going to die before we leave."[19]  Several other increasingly grim messages have followed, but this one in particular convinced undersigned counsel, considering our dysfunctional legislative branch and an executive branch showing callous disregard for the lives of the Alarayshis and their fellow countrymen and countrywoman

---

[17] Sworn Declaration of Mariam Charara attached as Exhibit 1 of the original complaint.

[18] Note Hamas does not have an air force.

[19] *Id.*

similarly trapped, that this Court was their last resort to spur this government to action on their behalf.

### III.   LAW AND ARGUMENT

### A.   THE COURT SHOULD ORDER A PRELIMINARY INJUNCTION REQUIRING THE EVACUATION OF THE PLAINTIFFS AND ALL SIMILARLY SITUATED PERSONS FROM GAZA

In determining whether to grant or deny an injunction, the courts must consider four factors: (1) whether the movant is likely to prevail on the merits; (2) whether the movant would suffer irreparable injury if the court does not grant a preliminary injunction; (3) whether a preliminary injunction would cause substantial harm to others; and, (4) whether a preliminary injunction would be in the public interest. *Connection Distributing Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998). "None of these factors, standing alone, is a prerequisite to relief; rather the court should balance them." *Golden v. Kelsey- Hayes Co. (In re Golden),* 73 F.3d 648, 653 (6th Cir. 1996). A district court is required to make specific findings concerning each of the factors unless fewer are dispositive of the issue. *Performance Unlimited v. Questar Publishers, Inc.* 52 F.3d 1373, 1381 (6th Cir. 1995); *Liberty Coins, LLC v Goodman*, 748 F.3d 682, 689-90 (6th Cir.2014) cert den sub nom. *Liberty Coins, LLC v Porter*, 135 S. Ct. 950 (2015) (internal citations omitted). "Each of these factors "[should] be balanced against one another and should not be considered

prerequisites to the grant of a preliminary injunction." *Liberty Coins, LLC v Goodman*, 748 F.3d at 690.

Moreover, the purpose of a preliminary injunction is to "prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Sluiter v. Blue Cross & Blue Shield*, 979 F. Supp. 1131, 1136 (E.D. Mich. 1997). Indeed, even if the preliminary injunction coincides with the "ultimate relief" sought, the "certainty and gravity of the irreparable harm the Plaintiffs face" is a factor that justifies the grant of an injunction. *Id.*

"[A] party is entitled to a permanent injunction if it can establish that it suffered a constitutional violation and will suffer 'continuing irreparable injury' for which there is no adequate remedy at law." *Am Civil Liberties Union of Kentucky v McCreary Co, Ky*, 607 F.3d 439, 445 (6th Cir. 2010). "A district court normally must hold an evidentiary hearing prior to issuing a permanent injunction." *Gibson Guitar Corp v Paul Reed Smith Guitars, LP*, 423 F.3d 539, 546 (6th Cir. 2005) (citing *Moltan Co. v. Eagle–Picher Indus., Inc.,* 55 F.3d 1171, 1174 (6th Cir.1995)). "[A]n evidentiary hearing is not required when no factual issues remain for trial . . . and "district court's decision to grant a permanent injunction without such a hearing could still be upheld " *Id.*

"The Fifth Amendment provides that '[n]o person shall be . . . deprived of life, liberty, or property, without due process of law.' In numerous decisions, this

Court 'has held that the Due Process Clause of the Fifth Amendment forbids the Federal Government to deny equal protection of the laws.'" *Davis v Passman*, 442 U.S. 228, 234 (1979).

Further, the "Fifth Amendment confers on petitioner a constitutional right to be free from illegal discrimination." *Id*. at 236. "[T]hough Congress has great authority to design laws to fit its own conception of sound national policy, it cannot deny the liberty protected by the Due Process Clause of the Fifth Amendment." *United States v Windsor*, 133 S. Ct. 2675, 2695; 186 L Ed 2d 808 (2013).

"When federal law is at issue and 'the public interest is involved,' a federal court's 'equitable powers assume an even broader and more flexible character than when only a private controversy is at stake.'" *Kansas v Nebraska*, 135 S. Ct. 1042, 1053 (2015) (quoting *Porter v. Warner Holding Co.,* 328 U.S. 395, 398 (1946). "Courts of equity may, and frequently do, go much farther" to give "relief in furtherance of the public interest than they are accustomed to go when only private interests are involved." *Virginian R. Co. v. Railway Employees,* 300 U.S. 515, 552 (1937). "In exercising our jurisdiction, we may "mould each decree to the necessities of the particular case" and "accord full justice" to all parties. *Kansas v Nebraska*, 135 S. Ct. 1042, 1053 (2015) (quoting *Porter*, 328 U.S. at 398).

Generally, "state and local authorities have primary responsibility for curing constitutional violations. 'If, however '[those] authorities fail in their affirmative

13

obligations . . . judicial authority may be invoked.'" *Hutto v Finney*, 437 U.S. 678, 687, n. 9 (1978) (quoting *Swann v. Charlotte-Mecklenburg Board of Education*, 402 U.S. 1, 15 (1971)). "Once invoked, 'the scope of a district court's equitable powers . . . is broad, for breadth and flexibility are inherent in equitable remedies. '" *Brown v Plata*, 131 S. Ct. 1910, 1944 (2011) (quoting *Hutto*, 437 U.S. at 687, n. 9).

Moreover, federal courts have jurisdiction to issue equitable relief, such as the injunction requested in this motion, on a broad basis under Fed. R. Civ. P. 65. The U.S. Supreme Court has characterized this power as the ability to grant relief in equity as appropriate: the U.S. Supreme Court has long held that "[t]he 'jurisdiction' thus conferred ... is an authority to administer in equity suits the principles of the system of judicial remedies which had been devised and was being administered by the English Court of Chancery at the time of the separation of the two countries." *Grupo Mexicano de Desarrollo SA v Alliance Bond Fund, Inc*, 527 U.S. 308, 318 (1999). Injunctive relief is unquestionably part of this canon of remedies, and is well within the court's power in the instant case.

Crucially, this Court has held that it is proper for a federal district court to issue injunctive relief that expands beyond the boundaries of the court's geographical jurisdiction: "[F]ederal district courts have broad power to issue injunctive relief, and may enjoin parties' actions beyond the district in which it sits." *Biggs v Quicken Loans, Inc*, 990 F. Supp. 2d 780, 785 (E.D. Mich. 2014). See also

14

*Ave Maria Found. v. Sebelius,* 991 F.Supp.2d 957, 2014 WL 117425 (E.D. Mich. 2014).

This is well-established law in other circuits as well, including the Eastern District of Tennessee, for example: "[C]ases interpreting the old 'where the claim arose' language establish that suits challenging official acts may be brought in the district where the effects of the challenged regulations are felt even though the regulations were enacted elsewhere." *Emison v Catalano*, 951 F Supp 714, 722 (E.D. Tenn 1996).

Generally, "[r]eview of the legality of Presidential action can ordinarily be obtained in a suit seeking to enjoin the officers who attempt to enforce the President's directive . . . . *Franklin v Massachusetts*, 505 U.S. 788, 828 (1992). "[U]nlawful legislative action can be reviewed, not by suing members of Congress for the performance of their legislative duties, but by enjoining those congressional (or executive) agents who carry out Congress's directive." *Id*. at 828-29. "The district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Estate of Michael ex rel Michael v Lullo*, 173 F.3d 503, 506 (4th Cir.1999).

Additionally, 5 U.S.C. § 702 provides in pertinent part that:

\*\*\*

An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: *Provided*, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. 5 U.S.C § 702.

In this case, Defendants' failure to act in evacuating Plaintiffs and other U.S. Citizens stranded in Gaza constitutes deprivation of the life and liberty of the Plaintiffs without due process of law.

Further, Defendants' actions, policies, course of conduct, or pattern of practice that mandate or permit the failure of the U.S. government to evacuate Plaintiffs from Gaza during the ongoing conflict are discriminatory and constitute an action that targets U.S. Citizens of Palestinian national origin and Muslim faith for disparate discriminatory treatment.

Plaintiffs seek the issuance of a permanent injunction to bring an ongoing violation to an immediate halt. Action and cooperation on the part of the Defendants and compliance with the policy and directives is required for the emergency evacuation of Plaintiffs and other American citizens from Gaza. Other countries have already evacuated their citizens from Gaza, numerous aid organizations have been cleared to provide aid to Gaza (although Israel, a supposed ally of the United States, continues to block the provision of all such aid), and Defendants have

evacuated U.S. Citizens from Israel in this very conflict and under bombardment.

In word and deed, the Defendants have discriminated against the Plaintiffs and all similarly situated United States citizens. They have chosen to evacuate its Israeli Jewish citizens from missile and other dangerous attacks in Israel but not its Palestinian Muslim citizens a few steps away from Gaza. This discrimination is tantamount to a death sentence. These actions by the Defendants are a clear violation of the Fifth Amendment, compelling this Court to issue an injunction to halt them. Each of the four injunctive relief factors weighs heavily in favor of granting injunctive relief. Accordingly, this Court must grant Plaintiffs' Motion.

**B. <u>THE CURRENT DISPUTE IS JUSTICIABLE AND DISTINGUISHABLE FROM PRIOR RULINGS IN THIS AND OTHER DISTRICTS CHALLENGING EVACUATION DECISIONS IN OTHER CONFLICTS</u>**

Defendants' response attempts to exalt words and platitudes over concrete action. While it is true that the tone of the Biden Administration's rhetoric has moderated in the time since Plaintiffs filed this lawsuit in the federal district that is both in a swing electoral state and home to the largest concentration of Arab Americans voters in the country, it has yet to change its actions in denying Palestinian, Muslim U.S. citizens in the same war zone the assistance it has provided to citizens of different ethnic and religious backgrounds.

Defendants rely principally upon *Sadi v. Obama*, No. 15-11314, 2015 WL 3605106 (E.D.Mich. June 8, 2015) and *Mobarez v. Kerry,* 187 F.Supp. 3d 85

(D.D.C. 2016) for the proposition that the decision to issue or refrain from issuing a noncombatant evacuation order presents a non-justiciable political question. Both of these cases are easily distinguishable from the case before this Court. Those cases involved the government's decision to refrain from issuing an evacuation order for U.S. citizens caught in the middle of Yemen's civil war.  The United States had not committed to providing direct military assistance of the sort it has announced it will provide in this conflict.  It was not actively providing *any* U.S. citizens in that war zone evacuation assistance.  It had not, for example, offered U.S. citizens of Shia religious background evacuation assistance while refusing it to those of Sunni religious background.

This case does not criticize or seek to deny U.S. citizens in Israel proper the evacuation assistance that this government has provided dozens of times in armed conflicts.  To the contrary, this suit merely asks that U.S. citizens in the same active war zone of Palestinian and/or Muslim decent be provided the same assistance as their fellow citizens of different protected classifications and who, in many instances, are only steps away and also under threat of death from missile attack.  If the U.S. government can wade into the violence for one group it cannot deny similar protection it to another on the apparent basis of different protected classification. This is the sort of discrimination upon which our federal courts render judgment every day.

Beyond *Mobaraz* and *Saidi*, the government's stock justiciability brief does not even attempt to apply the facts of the long list of cases it cites to the facts of this case.   Beyond acknowledging that, in fact, there is a federal principle of law prohibiting the federal courts from interfering in inherently political questions, these cases do not restrict this Court's ability to issue a ruling here conferring on Plaintiffs the same assistance given to other citizens similarly situated in all material respects.

IV.   <u>CONCLUSION</u>

For far too long, disparate treatment has marked our government's approach to governance at home and abroad.   Looking away and denying this reality has had predictable results.   It is easy to claim that the remedy for this ultimately resides at the ballot box.   But who truly believes that, especially as it relates to moderating the sheer might of the military-industrial complex, there is resort to the ballot for the destruction and carnage we have, for decades, witnessed?   Our system of checks and balances, if it still has any real value, must protect the lives of the least among us. Zacharia and Laila Alarayshi are being denied equal protection under the law.   Their rights as Americans and their very existence remains in great peril now.   Without food, water, and shelter today, they will not live for any "political questions" to be decided in the next 13 hours, let alone thirteen months from now.   Inscribed above the entrance to the building where opposing counsel work is the Latin phrase "Fiat Justicia Ruat Caelum", let justice be done though the heavens fall.   The heavens are

falling quite literally on the Plaintiffs as the government puts more energy into fighting Plaintiffs than saving them.  For that reason alone, it is for this Court to decide whether justice is done.  As they cower in the darkness, Plaintiffs have nowhere else to turn and, on their behalf, undersigned counsel begs that someone in this government acknowledges their right to life, liberty and the pursuit of happiness.

Respectfully submitted,


SCHENK & BRUETSCH, PLC

By: /s/JAMES P. ALLEN, SR.

James P. Allen, Sr. (P52885)
211 W. Fort Street, Suite 1410
Detroit, MI 48226
(313) 774-1000
James.allen@SBDetroit.com
Attorneys for Plaintiffs


MEROUEH & HALLMAN, LLP

By: /s/ZACHARY A. HALLMAN
Zachary A. Hallman (P78327)
14339 Ford Road, 2nd Floor
Dearborn, MI 48126
(313) 582-7469
zhallman@mhatlaw.com
Attorneys for Plaintiffs

AYAD LAW, PLLC

By:/s/ NABIH H. AYAD
Nabih H. Ayad (P59518)
645 Griswold, Ste. 2202
Detroit, MI 48226
(313) 983-4600
filing@ayadlawpllc.com

By: WILLIAM D. SAVAGE
William D. Savage (P82146)
645 Griswold, Ste. 2202
Detroit, MI 48226
(313) 983-4600
filing@ayadlawpllc.com
Attorneys for Plaintiffs

October 17 2023

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

/s/Veronica Sanford
211 W. Fort St., Ste. 1410
Detroit, MI 48226